IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BRENT B. GOLDEN, )
)
    Petitioner, )
)
v. ) Case No. CIV-11-273-M
)
POTTAWATOMIE COUNTY )
SAFETY CENTER, )
)
    Respondent. )

# REPORT AND RECOMMENDATION

Mr. Brent Golden is a state prisoner who seeks habeas relief under 28 U.S.C. § 2254.[1] The Respondent urges dismissal on grounds that the Petitioner has failed to exhaust his claims in state court. The undersigned agrees and recommends dismissal without prejudice.

---

[1] For the alleged violation of his constitutional rights, Mr. Golden seeks both "release" and $2.5 million in "compensation." Petition Under 28 USC § 2254 for Writ of Habeas Corpus by a Person in State Custody at ECF p. 6 (Mar. 10, 2011) ("Petition"). However, "compensation" is not an available remedy in a Section 2254 action. The Supreme Court has explained:

> If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release-the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.

*Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *see also Parkhurst v. Wyoming*, 641 F.2d 775, 776 (10th Cir. 1981) (*per curiam*) ("Appellant's money damage claim seeks a remedy other than release from confinement and is not cognizable in a habeas action.").

Background

Mr. Golden was convicted in state court on drug charges.[2] Rather than appeal or seek post-conviction relief in state court,[3] Mr. Golden filed the present action for a writ of habeas corpus.

Nonexhaustion of the Habeas Claims

Federal law generally requires exhaustion of state judicial remedies.[4] In this circuit, a petitioner may satisfy the exhaustion requirement by showing that:

- "a state appellate court has had the opportunity to rule on the same claim presented in federal court," or

- "at the time he filed his federal petition, he had no available state avenue of redress."[5]

If a state judicial remedy is available, the petitioner must "properly present[] [his claims] to the highest state court . . . ."[6]

Without authority, Mr. Golden argues that: (1) "[v]iolation of Constitutional Rights Law's [sic] should not need a [sic] Appeal," and (2) "protection against double jeopardy

---

[2] *See* Petition at ECF p. 1.

[3] *See* Petition at ECF pp. 1-3.

[4] *See* 28 U.S.C. § 2254(b)(1) (2006).

[5] *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (citations omitted).

[6] *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted).

violation should not need grounds raised."[7] But the Petitioner does not question the availability of a remedy in state court. Consequently, the habeas claims are unexhausted.

Still, the habeas court must determine whether a return to state court would be futile,[8] as the appeal deadline has apparently expired.[9] However, Mr. Golden could file a motion for an appeal out of time.[10] The state courts could entertain the appeal, notwithstanding expiration of the deadline, if the Petitioner shows that he had been unable to appeal "through no fault of his[ ] own."[11]

In his petition, Mr. Golden indicates that his attorney had withdrawn.[12] The withdrawal of counsel might potentially convince the state appellate court to allow an appeal

---

[7] Petition at ECF pp. 2-3.

[8] *See James v. Gibson*, 211 F.3d 543, 550 (10th Cir. 2000) ("Exhaustion is not required if an attempt to exhaust would be futile." (citation omitted)).

[9] If Mr. Golden had wanted to appeal, he would ordinarily have had to file a notice of intent to appeal within 10 days of the judgment and a petition in error within 90 days of the judgment. *See* Rules 1.4(A), 2.1(B), 3.1(A), Rules of the Oklahoma Court of Criminal Appeals. Both deadlines have expired, as the judgment was imposed 100 days ago.

[10] *See* Rule 2.1(E), Rules of the Oklahoma Court of Criminal Appeals.

[11] Rule 2.1(E), Rules of the Oklahoma Court of Criminal Appeals.

[12] Petition at ECF p. 5.

3

out of time.[13] Thus, Mr. Golden may still enjoy an available remedy under state law, and the federal district court should not regard a return to state court as "futile."[14]

## Propriety of Dismissal Rather than an Administrative Stay

The remaining question is whether the court should dismiss the action or order a stay. Dismissal is appropriate for two reasons.

First, all of Mr. Golden's claims are unexhausted.[15] "Traditionally, when a petition contains entirely unexhausted state claims, the petition would be dismissed without prejudice."[16]

Second, abeyance would only be appropriate to avoid inequitable application of the "[Antiterrorism and Effective Death Penalty Act of 1996] one-year statute of limitations."[17] Even in the absence of equitable tolling, however, the limitations period would not expire

---

[13] *See Pierce v. State*, 456 P.2d 126 (Okla. Crim. App. 1969) (holding that the defendant was entitled to appeal out-of-time because his attorney's abandonment of the appeal prevented pursuit of the appeal without any fault of the defendant).

[14] *See Ciempa v. Dinwiddie*, 340 Fed. Appx. 516, 520 (10th Cir. Aug. 12, 2009) (unpublished op.) (upholding dismissal without prejudice of an Oklahoma prisoner's habeas petition, based on nonexhaustion, because of the possibility that he could seek leave from the Oklahoma Court of Criminal Appeals for an appeal out of time).

[15] *See supra* pp. 2-3.

[16] *United States v. Hickman*, 191 Fed. Appx. 756, 757 (10th Cir. Aug. 11, 2006) (unpublished op.) (citation omitted).

[17] *Fairchild v. Workman*, 579 F.3d 1134, 1152 (10th Cir. 2009) (citation omitted).

4

until February 24, 2012.[18] As a result, Mr. Golden could likely refile the action, after he exhausts state court remedies, even if the federal district court were to dismiss the present action.[19]

For both reasons, the Court should order dismissal without prejudice rather than a stay.

## Notice of the Right to Object

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by June 13, 2011.[20] The failure to timely object would foreclose appellate review of the suggested ruling.[21]

---

[18] Mr. Golden would need to file the habeas petition within one year of the date that his state court conviction had "bec[o]me final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (2006). Even if no notice of appeal had been filed, the deadline for a notice of intent to appeal would have fallen ten days after the judgment and sentence. *See supra* note 9. Thus, the one-year limitations period would have begun on February 24, 2011, ten days after entry of the judgment. *See Ellis v. Jones*, 302 Fed. Appx. 817, 819 (10th Cir. Dec. 11, 2008) (unpublished op.) (holding that the conviction for an Oklahoma inmate, who had failed to file a direct appeal, was considered "final" at the end of the ten days for filing a notice of intent to appeal). As a result, the limitations period for a new habeas petition would not expire until February 24, 2012, at the earliest.

[19] Generally, the limitations period would not be tolled during the pendency of the current action. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that an application for federal habeas relief does not toll the limitations period under 28 U.S.C. § 2244(d)(2)).

[20] *See* Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1) (2009 supp.).

[21] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Status of the Referral

This referral is discharged.

Entered this 25th day of May, 2011.

_____
Robert E. Bacharach
United States Magistrate Judge